**PRODUCERS' REFINING CO. et al. v. MISSOURI, K. & T. R. CO. OF TEXAS et al. (No. 995–5160.)**

Commission of Appeals of Texas, Section B.
Feb. 13, 1929.

See, also, 13 S. W.(2d) 680.

Callaway & Reed, of Dallas, Phillips, Trammell & Chizum, of Fort Worth, James W. Finley, of Chanute, Kan., and Warren T. Spies, of Bartlesville, Okl., for plaintiffs in error.

A. H. McKnight and T. D. Gresham, both of Dallas, G. B. Ross, of Galveston, Goree, Odell & Allen, N. H. Lassiter, and Fred L. Wallace, all of Fort Worth, Claude Pollard, Atty. Gen., and Joe S. Brown, Asst. Atty. Gen., for defendants in error.

SPEER, J. The opinion of Chief Justice McClendon for the Court of Civil Appeals of the Third District [Missouri-Kansas & T. R. Co. of Texas v. Railroad Commission of Texas, 3 S.W.(2d) 489] is an admirable statement of the principles of law which govern this case, and we approve the reasoning and conclusions announced by him. Little or nothing can be added to what he has said.

█ The orders of the Railroad Commission are to be likened to the judgments of courts. While the commission is not a part of our judiciary system, nevertheless its duties are quasi judicial, and its functions, in many respects, are those of a court. Aransas Harbor, etc., Co. v. Taber (Tex. Com. App.) 235 S. W. 841; Railroad Commission of Texas v. San Antonio Compress Co. (Tex. Civ. App.) 264 S. W. 214, writ refused; M., K. & T. Ry. Co. v. State (Tex. Civ. App.) 275 S. W. 673. Whether it be treated as a tribunal of general or limited jurisdiction, the sanctity of its orders is the same. All of our courts are courts of limited jurisdiction, but, once they hear and determine a matter within their jurisdiction, the judgment becomes final as against all collateral attacks. It can only be set aside or vacated by some direct attack as by appeal or proceeding to vacate. The order of our Railroad Commission within the limits of its jurisdiction is exactly analogous. It is the one tribunal with power to make rates affecting common carriers. When it establishes a rate, it necessarily finds that such rate is neither unreasonable nor discriminatory. The order, therefore, is not in violation of, but in exact keeping with, the requirements of the Constitution and statute. To hold as we are urged to hold by the plaintiffs in error would be to deny that any tribunal can establish a lawful rate in any given instance as against a subsequent claim that such rate is in violation of the requirements of reason and fairness. Such rules would bring about chaotic results and leave rates to be determined at any time their validity might be called in question, in any court having jurisdiction of the amount involved in the particular controversy. No rate would be legal in the sense that any carrier would be bound to respect it, or shipper to pay it. Such a rule is too precarious.

██ The framers of the Constitution, in authorizing a Railroad Commission, and the Legislature, in creating it, clearly contemplated that its chief function would be to fix rates binding alike upon carrier and shipper,

subject to revision only in the mode expressly pointed out in the statute. That method is not followed if we permit a rate once duly established by the commission to be attacked at will by any person affected. The remedy for an erroneous rate once established by the commission is by a new rate either by the commission itself, on the one hand, or by application to the district court as provided by statute.

We therefore recommend that the judgment of the Court of Civil Appeals be in all respects affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.