## PRODUCERS' REFINING CO. et al. v. MISSOURI, K. & T. RY. CO. OF TEXAS.
### (No. 996—5161.)

Commission of Appeals of Texas, Section B.
Feb. 13, 1929.

Callaway & Reed, of Dallas, Phillips, Trammell & Chizum, of Fort Worth, James W. Finley, of Chanute, Kan., and Warren T. Spies, of Bartlesville, Okl., for plaintiffs in error.

A. H. McKnight and T. D. Gresham, both of Dallas, G. B. Ross, of Galveston, Goree, Odell & Allen, N. H. Lassiter, and Fred L. Wallace, all of Fort Worth, Claude Pollard, Atty. Gen., and Joe S. Brown, Asst. Atty. Gen., for defendant in error.

LEDDY, J. This is a companion case to cause No. 5160 [13 S.W.(2d) 679], in which the opinion was rendered by Judge Speer. The same question is involved in both cases.

Concisely stated, the question for determination is whether plaintiffs in error are entitled on a hearing before the Railroad Commission to challenge a rate duly fixed by that body, and, upon determination in such proceeding that such rate is unjust and discriminatory, to have an award made in its favor by the commission for reparations on account of the excess amount collected by the railway company under such rate, with the further right that, if such award is not paid by the railway company, to enforce the same by appropriate proceedings in the district court of Travis county.

The Railroad Commission is charged by law with the duty of fixing the rate a railway company can lawfully collect from the shipper. In pursuance of this duty, that tribunal

fixed the rate which was charged by the shipper on the freight in question. The carriers had no option in the matter, but were compelled by law to charge and collect the rate thus established. If they charged any other or different rate, they would subject themselves to the penalties provided by the statutes of this state. Notwithstanding the fact that the rate in this case was duly approved by the tribunal charged with the duty of establishing reasonable, just, and nondiscriminatory rates, it is asserted that the carriers can be compelled to respond in damages when they have charged the rate duly fixed by the rate-making agency of this state.

The right to recover reparation where the carrier has charged the rate fixed by the Railroad Commission, if thereafter the same be determined to be unjust and discriminatory, is claimed to exist by virtue of the provision of article 6664, R. S. 1911 (now articles 6460, 6461, 6462, and 6463, R. S. 1925). Reproduced in full, the article is as follows:

Article 6664. "Any person, firm, corporation, or association, or any mercantile, agricultural, or manufacturing association, or any body politic, or municipal organization, complaining of anything done or omitted to be done by any railroad subject hereto, in violation of any law of this state, or the provisions of this chapter, for which penalty is provided, may apply to said commission in such manner and under such rules as the commission may prescribe; whereupon, if there shall appear to the commission to be any reasonable grounds for investigating such complaint, it shall give at least five days' notice to such railroad of such charge and complaint, and call upon said road to answer the same at a time and place to be specified by the commission. The commission shall investigate and determine such complaint under such rules and modes of procedure as it may adopt. If the commission finds that there has been a violation, it shall determine if the same was wilful; if it finds that such violation was not wilful, it may call upon said road to satisfy the damage done to the complainant thereby, stating the amount of such damage, and to pay the cost of such investigation; and if the said railroad shall do so within the time specified by the commission there shall be no prosecution by the state; but if said railroad shall not pay said damage and cost within the time specified by said commission, or if the commission finds such violation to be wilful, it shall institute proceedings to recover the penalty for such violation and the cost of such investigation. All such complaints shall be made in the name of the state of Texas upon the relation of such complainant. All evidence taken before said commission in the investigation of any such complaint, when reduced to writing and signed and sworn to by the witness, may be used by either party, the state, complainant, or the railroad company, in any proceeding against such railroad involving the same subject matter; provided, further, that the commissioners may require the testimony so taken before them to be reduced to writing when they may deem it necessary, or when requested to do so by either party to such proceedings; and a certified copy under the hand and seal of said commission, shall be admissible in evidence upon the trial of any cause or proceeding growing out of the same transaction against such railroad, involving the same subject matter and between the same parties. The provisions of this article shall not abridge nor affect the rights of any person to sue for any penalty that may be due him under the provisions of this chapter, or any other law of this state."

■ We fully concur in the holding of the Court of Civil Appeals in the able opinion rendered by its Chief Justice, wherein it is held that the above article does not confer authority upon the Railroad Commission to award reparations where the carrier is acting under a rate duly approved by such commission. We think the opinion of that court so thoroughly answers the contentions here made that it renders it unnecessary for us to elaborately review the questions involved.

The obvious purpose of article 6664 was to determine when a penalty should be inflicted upon a railway company for violating any statute of this state, for which a penalty was provided. It will be noted that this statute provides that the commission shall investigate a complaint made thereunder and determine if the violation complained of by the carrier was willful. This clearly has no reference to the charging of a rate prescribed by the commission. It would present an anomalous situation if the Railroad Commission should be required to have a hearing for the purpose of determining whether a carrier's act in collecting a rate duly approved by the commission was willfully done. The carrier could make only one answer to such a complaint, and that is that it obeyed the statute and charged the rate duly fixed by the commission; that it could charge no other rate without subjecting itself to a penalty.

Another reason why we think the Railroad Commission does not have the power contended for by plaintiffs in error is that, if the Legislature intended to give every shipper a right to recover reparation from a railway company, charging the rate prescribed by the Railroad Commission, if it could be demonstrated on a hearing that the rate was unjust or discriminatory, it would have made specific provision for the enforcement of the reparation award by the commission instead of leaving this important right to arise by mere implication.

It will be observed that specific provision was made for the bringing of a suit to recover a penalty in the event the railway company's act complained of was found to be willful, but no mention whatever was made of any suit to enforce a reparation award. If it was con-

templated that by the terms of article 6664 a shipper on every freight shipment made in this state had a right to recover reparation from the railway company, if the rate fixed by the commission was determined to be unjust or discriminatory, it seems it would have been of sufficient importance to have caused the Legislature to have made specific provision for the recovery of such reparation. It is inconceivable that the Legislature would make specific provision for the recovery of penalties by such direct and clear provisions, and leave for inference only the substantial right to recover large sums by shippers who were entitled to collect reparation from carriers because of a rate found to be unjust or discriminatory.

■ Plaintiffs in error earnestly insist that under our Constitution the Railroad Commission cannot lawfully fix a rate which is unjust and discriminatory, that the Constitution and statutes of this state denounce such rates, and that no rate is valid and binding, even though fixed by the rate-making agency of this state, unless the same is just, reasonable, and nondiscriminatory. It is true the Constitution and laws of this state do prohibit any carrier from charging unjust or discriminatory rates, but it is equally true that the Legislature, under the authority given in the Constitution, created an agency which it charged with the duty of fixing rates that are reasonable and nondiscriminatory. This tribunal being invested with jurisdiction to ascertain what is a fair and reasonable freight rate, its determination of the question is conclusive until set aside by the courts in the manner provided by the statutes.

We think article 6452, R. S. 1925, prohibits any inquiry being made as to the reasonableness or justness of any rate fixed by the Railroad Commission except in the manner therein provided. This article reads as follows:

Article 6452. "In all actions between private parties and railway companies brought under this law, the rates, charges, orders, rules, regulations and classifications prescribed by the Commission before the institution of such action shall be held conclusive, and deemed and accepted to be reasonable, fair, and just, and in such respects shall not be controverted therein until finally found otherwise in a direct action brought for the purpose in the manner prescribed by the two succeeding articles."

■ Under this statute both the shipper and the railway company are protected against any rate that may be unjust, discriminatory, or confiscatory. When a given rate is promulgated by the Railroad Commission, if the railway company deems such rate confiscatory, it may refuse to apply the same and proceed upon proper proof to have the same annulled by judgment of the district court. If the shipper deems the rate unjust or discriminatory, he may by proper showing obtain similar relief by application to the district court.

In our opinion, it was never contemplated that the Railroad Commission should be placed in the unenviable position of determining as to whether its rates duly established are unjust and discriminatory. We think the article of the statute above quoted was enacted for the express purpose of making the rates fixed by the Railroad Commission binding and conclusive upon all parties until they were set aside by a proceeding in the district court as provided in articles 6453 and 6454, R. S. 1925.

■ The plausible argument is made that the federal system of permitting reparations to be awarded by the Interstate Commerce Commission is analogous to the right claimed in this case. There is a fundamental difference, however, between the federal and the rate-making system of our state. Under the federal system, the Interstate Commerce Commission does not fix the rates charged by the carriers. Under the Transportation Act, the carrier is commanded to fix rates that are just, reasonable, and nondiscriminatory. In the light of this admonition, they fix their own rates by filing schedules thereof with the Interstate Commerce Commission. It is only when a complaint is made by the carrier or a shipper that the Interstate Commerce Commission is authorized to ascertain whether a rate is fair, just, and reasonable, and to determine what is a just and fair rate. Under our system the rate is not determined by the carrier, but is fixed by a tribunal created for the very purpose of establishing reasonable and nondiscriminatory rates. The Interstate Commerce Commission only awards reparations when it finds that a rate fixed by the carrier itself is unjust or discriminatory. Of course it was not contemplated under the federal system that the carrier could fix a rate that would be binding and conclusive upon the shipper. This would enable the railway company to do the very thing which it was the policy of the law to prevent—the charging of extortionate and discriminatory rates. A different rule, however, applies where the rates in the first instance are fixed by a tribunal upon whom is imposed the public duty of fixing freight rates fair and just to the carrier and the shipper.

Believing that the opinion of the Court of Civil Appeals correctly interprets the statute, we recommend that its judgment should be affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals affirmed, as recommended by the Commission of Appeals.