## TEXAS STEEL CO. v. FORT WORTH & D. C. RY. CO. et al.

### No. 12372.

Court of Civil Appeals of Texas. Fort Worth.

May 24, 1930.

Rehearing Denied Sept. 19, 1931.

For answers to certified questions by Supreme Court, see 40 S.W.(2d) 78.

Geo. W. Armstrong and R. C. Armstrong, Jr., both of Fort Worth, for appellant.

Thompson & Barwise and Fred L. Wallace, all of Fort Worth, for appellees.

**BUCK, J.**

The, Texas Steel Company, a corporation whose principal office is at Fort Worth, Tarrant county, Tex., filed suit against the Fort Worth & Denver City Railway Company and the Missouri-Kansas-Texas Railroad Company of Texas, for alleged unlawful rates charged on the products of the plaintiff company, and for discrimination and extortion. The contention of appellant, hereinafter called plaintiff, is that the rates were fixed by the Texas Railroad Commission, on to wit, February 15, 1915, and that no other rates to be charged by the railroads for intrastate shipments are authorized. The defendants' contention is that the Texas Railroad Commission, on April 26, 1922, adopted certain tariffs and rates theretofore filed with the Interstate Commerce Commission and in effect adopted by it. That on June 15, 1922, the Texas Railroad Commission adopted other rates and tariffs, by order, and that such rates, either fixed by the Texas Railroad Commission or adopted by it from the rates held valid by the Interstate Commerce Commission, were the rates charged by the defendant railroad companies. The further contention is made by defendants here that the district court of Tarrant county was

without jurisdiction to hear and determine the questions presented in plaintiff's trial petition.

Such petition further alleges that the railroad companies had been discriminating against it as a shipper of iron and steel articles, in that they give its competitors located wholly outside of the state of Texas a lower rate in the state of Texas than is given it; basing such allegations on the use of transit privileges set forth in a tariff of the southwestern carriers on file with the Interstate Commerce Commission, and applicable only to shipments moving wholly interstate.

The second question involved is: Is a shipper entitled to recover damages and penalties for discrimination under article 6475, Rev. Civ. Statutes of Texas 1925, for an alleged discrimination arising out of the use of a privilege on interstate shipments not applicable to intrastate shipments, or can the shipper complain in the state courts of an alleged discrimination arising out of the use of an interstate tariff?

**Opinion.**

If complaint is made of the discrimination by the defendant companies in the tariffs and rates prescribed by the Interstate Commerce Commission, such question is not maintainable in the state courts, but may be maintainable in the federal courts after action of the Interstate Commerce Commission thereon. Article 1, § 8, of the Constitution of the United States, in part provides as follows: "Congress shall have power * * * to regulate commerce with foreign nations, and among the several states, and with the Indian tribes."

Such power has been held by numerous decisions to be exclusive of any power to fix interstate rates by the railroad commissions of the states. See T. & P. Ry. Co. v. Abilene Cotton Oil Co., 204 U. S. 426, 27 S. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075; M.-K. & T. R. R. Co. of Texas v. Railroad Commission of Texas, 3 S.W.(2d) 489, by the Austin Court of Civil Appeals, affirmed by the Supreme Court in 13 S.W.(2d) 679, under the title of Producers Ref. Co. v. M.-K. & T. R. R. Co. of Texas. If this suit be to charge that the rates and tariffs promulgated by the Interstate Commerce Commission were unfair and discriminatory, then the trial court was without jurisdiction, and should have sustained the plea to the jurisdiction and dismissed the suit. The judgment in the state district court was for defendants, upon an instructed verdict, though it is not stated in the judgment upon what ground the court deemed that an instructed verdict for defendants was proper.

If the contention made by plaintiff below is that the rates adopted by the Texas

Railroad Commission under dates of April 26, 1922, and June 15, 1922, are unfair and unjust, then suit should have been brought to set aside such rates as unfair and unjust in Travis county. Article 6453, Rev. Civ. Statutes 1925. Plaintiff especially charges that the Railroad Commission had no legal authority to make the rates adopted on those two dates.

■ The contention is made by appellant that the record fails to show that any notice of the hearing prior to the fixing of these rates by the Texas Railroad Commission was given to the plaintiff or any other shipper, or to the railroads in Texas, and subject to the tariff fixed in said orders. Article 6449 provides that before any rates shall be established by the Commission, ten days' notice shall be given to every railroad company to be affected thereby of the time and place where the rates shall be fixed. There is no provision that any shipper shall be notified of the hearing. If the railroad companies were not notified, and do not complain of such absence of notice, we do not think that the plaintiff here can take advantage of any absence of showing that such railroad companies were not notified of the hearing. As to the rates adopted by the Texas Railroad Commission without notice to shippers, see Houston Chamber of Commerce v. Railroad Commission of Texas (Tex. Civ. App.) 19 S.W.(2d) 583; M.-K. & T. R. R. Co. of Texas v. Railroad Commission of Texas, 3 S.W.(2d) 489, by the Austin Court of Civil Appeals, affirmed by the Supreme Court in 13 S.W.(2d) 679.

Complaint is also made that the so-called order of the Railroad Commission is merely a "circular" and not an order and judgment. The order appears to be in due form, and we do not agree with this criticism made of it.

■ Appellant instituted this suit under article 6475, Rev. Civ. Statutes 1925, which provides for damages and penalties accruing out of extortionate charges. The appellant claims that the orders of the Railroad Commission of Texas, of April 26, 1922, and June 15, 1922, which adopted the rates charged by the appellees, are invalid, in that they were not made by the Railroad Commission, but were in fact made by the railroad companies themselves. It is immaterial upon whose initiative the rates finally adopted by the Railroad Commission were proposed. Only the Railroad Commission is authorized to fix the rates. M.-K. & T. R. R. Co. v. Railroad Commission, 3 S.W.(2d) 489; Houston Chamber of Commerce v. Railroad Commission (Tex. Civ. App.) 19 S.W.(2d) 583; Railroad Commission v. Weld & Neville, 96 Tex. 394, 73 S. W. 529; Galveston Chamber of Commerce v. Railroad Commission (Tex. Civ. App.) 137 S. W. 737; Id., 105 Tex. 101, 145 S. W. 573.

■■ These orders of the Railroad Commission attacked by appellant are within the jurisdiction of the Railroad Commission of Texas, under article 6448, Rev. Civ. Statutes. Therefore by article 6452 they are binding upon both the appellant and appellees in this case. Appellant in this suit is attempting to set aside the judgments and orders of the Railroad Commission of Texas by a collateral attack. This cannot be done except by a direct attack in the Travis county district court, unless such orders were wholly void. West Texas Compress Co. v. P. & S. F. Ry. Co. (Tex. Com. App.) 15 S.W.(2d) 558; Producers Refining Co. v. M.-K. & T. R. R. Co., 13 S.W.(2d) 679, by the Commission of Appeals, approved by the Supreme Court. The trial court of Tarrant county has no jurisdiction, either by direct or collateral attack, to set aside the orders of the Railroad Commission. of Texas, unless such orders are wholly void, and we do not think such orders were wholly void.

The judgment of the trial court is reformed so as to show that the suit was dismissed for want of jurisdiction, rather than to show that a judgment was entered for the defendants. Thus reformed, the judgment is affirmed.

The costs of this court and of the trial court are adjudged against appellant, inasmuch as the appellant did not raise this issue either in the trial court or in this court. In other words, by our reformation of the judgment, no relief prayed for in the trial court by plaintiff or urged in this court by appellant has been granted.

On Motion for Rehearing.

On appellant's motion for rehearing on June 28, 1930, this court certified to the Supreme Court the questions which the appellant claimed were involved in this suit. Theretofore the court had reformed and affirmed the judgment of the trial court on May 24, 1930. The Supreme Court held, in answer to certified questions, that the orders of the Railroad Commission, which appellant attacked on various grounds, were not subject to be called in question, except in a direct proceeding brought in full conformity with article 6453, Rev. Civ. Statutes. It further held that the issue of discrimination of the Railroad Commission growing out of rates on file with Interstate Commerce Commission cannot be maintained in a state court at all, and can only be maintained in a federal court after the matter has been presented to the Interstate Commerce Commission—citing cases. These questions involve the only questions in the suit filed, and we think the answers of the Supreme Court sufficiently dispose of the questions involved. Therefore the motion for rehearing is overruled.