### CONNELL v. TEXAS LIQUOR CONTROL BOARD.

#### No. 5828.

Court of Civil Appeals of Texas. Texarkana.

July 30, 1940.

Rehearing Denied Aug. 1, 1940.

W. H. Crunk, of Cooper, for appellant.

E. G. Pharr, of Cooper, Gerald C. Mann, Atty. Gen., and Geo. W. Barcus, Fred C. Chandler, and M. C. Martin, Asst. Attys. Gen., for appellee.

JOHNSON, Chief Justice.

On April 10, 1940, appellant, R. M. Connell, a registered pharmacist, filed his application with the Texas Liquor Control Board for a permit to sell intoxicating liquor at a pharmacy or drug store owned and operated by him under the name of City Drug Store in the city of Cooper, Delta County. The application was by the Board refused because the facts showed that the pharmacy or drug store for which the permit was sought had not been in operation for a full period of two years next preceding the filing of the application. From the order of the Board the applicant appealed to the District Court of Delta County where a trial de novo before the court without a jury resulted in judgment denying the permit. From the judgment of the district court the applicant has appealed to this court.

No request was made for findings of fact and conclusions of law, hence none were filed by the trial court. The evidence as shown by the statement of facts in the record appears to be undisputed. The pharmacy or drug store in question was organized in 1897 by Ollie Clemm and R. L. Connell. Later Mr. Clemm sold his interest to Connell, and in 1907 Connell sold to Mr. Snell. Mr. Snell operated it until 1917 or 1918, when he sold to Dr. R. E. DeWitt who about one year later sold to Crowe and Garmany who operated it until 1924 or 1925, when they failed in business and went into bankruptcy. Snell bought the property from the trustee in bankruptcy and operated it until June, 1938, when he sold to Mr. Feigenbaum who operated the business for a short time and sold to W. D. Price. Price operated the business until March 9, 1939, when the County Tax Collector for Delta County levied upon the entire stock of goods and fixtures for taxes due the State, County, the City of Cooper, and the Cooper Independent School District, and

closed the door of the store and advertised same for sale. At the end of 20 days the entire stock and fixtures were sold to Delta County which held same for the joint ownership of the State, the County, the City of Cooper, and the Cooper Independent School District. About May 1, 1939, Mr. Snell, a registered pharmacist, purchased the stock of merchandise and fixtures from Delta County. He operated the drug store under the name of Snell's Pharmacy until April, 1940, when he sold to R. M. Connell who has since operated it under the name of City Drug Store. From the time the Tax Collector of Delta County levied upon the property March 9, 1939, until it was sold to Snell on April 29, 1939, a period of 50 days, the drug store was closed and not in operation and did not have a registered pharamacist employed or on duty. Twenty days of this time it was being advertised for sale by the Tax Collector. The other 30 days it was owned by Delta County, and no one was employed to or did attempt to operate it during that period of time. So, it appears that the pharmacy or drug store for which the permit was sought in this case did not have employed or on duty a registered pharmacist and was not in operation for a period of more than 1½ months, during the two years next preceding the filing of the application.

The pertinent sections of the Texas Liquor Control Act are as follows:

Article 666, Sec. 15, Subsec. (18), Vernon's Ann.Penal Code: "Retail Pharmacists shall be entitled to receive medicinal permits and sell or dispense liquor for medicinal purposes only. The holders of such permits are authorized to purchase liquor from holders of wholesaler's permits in this State. Any pharmacy for which a permit is sought must be a bona fide pharmacy registered with the State Board of Pharmacy; must employ and have on duty at all times a registered pharmacist and must have been in operation as a pharmacy for at least two (2) years in the particular political subdivision in which a permit is sought."

Article 4542a of Vernon's Annotated Civil Statutes, Sec. 19 reads: "A 'pharmacy' or 'drug store' as used in this Act is any store or place where drugs or medicines are sold or furnished in any bona fide manner at retail to the consumer wherein a registered pharmacist is continuously employed."

Section 20 of said Article reads: "A 'pharmacist' as used in this Act, means a person licensed by the State Board of Pharmacy, to prepare, compound and dispense physicians' prescriptions, drugs and medicines and poisons."

The sole question here involved is whether the two-year period mentioned in the statute (Vernon's Ann.Penal Code, Art. 666, Sec. 15, Subsec. (18) during which "any pharmacy for which a permit is sought * * * must employ and have on duty at all times a registered pharmacist and must have been in operation as a pharmacy for at least two (2) years in the political subdivision in which a permit is sought," is to be construed as referring to the two years next preceding the filing of the application for the permit; or as referring to any two-year period, transpiring at any time in the past, prior to the filing of the application. We do not think the latter construction comes within the spirit and purpose of the Texas Liquor Control Act, Article 666, Sec. 2, of Vernon's Ann.Penal Code, which expressly provides: "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose."

To construe the statute as referring to any two-year period transpiring at any time in the past would open the opportunity requiring issuance of permits to applicants who might acquire formerly existing drug stores just so same had operated for two years at some period in the past. We believe it more reasonable and in accord with the general purpose of the Liquor Control Act to construe the statute (Art. 666, Sec. 15, Subsec. (18), Vernon's Ann.P.C.) as referring to the two-year period immediately preceding the date of the application.

It is undisputed that the pharmacy or drug store for which the permit is sought in this case lacked one month and twenty days of being in operation the full period of two years next preceding the filing of the application, therefore we think the Texas Liquor Control Board and the trial court correctly determined that it was not authorized to issue the permit.

The judgment of the trial court is affirmed.