## TEXAS LIQUOR CONTROL BOARD v. CANNON.

### No. 14219.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 13, 1940.

Rehearing Denied Feb. 21, 1941.

928

Gerald C. Mann, Atty. Gen., and M. C. Martin, W. P. Watts, Fred C. Chandler, and George W. Barcus, Asst. Attys. Gen., for appellant.

Sam B. Spence and J. E. Rexford, both of Wichita Falls, for appellee.

Rice M. Tilley and R. V. Nichols, both of Fort Worth, amici curiae.

DUNKLIN, Chief Justice.

Ever since July 1st of the year 1935, Clifford Cannon, doing business in the trade name of Clifford Cannon Drug Store, has operated a retail pharmacy drug store at house number 304 in the town of Burkburnett, in Wichita County, Texas, which is a local option district. When he began his business he procured from the State Board of Pharmacy a permit to operate it as a retail pharmacy, and has procured one such every year since the first.

The last three of those certificates were as follows: Permit No. 2557, dated November 16, 1938, reciting that it was effective from June 1, 1938, to May 31, 1939; Permit No. 2642, issued December 7, 1939, reciting that it was effective from June 1, 1939, to May 31, 1940; Permit No. 277, applied for and issued June 7, 1940, but ante-dated June 1, 1940, reciting that it was effective from June 1, 1940, to May 31, 1941.

On September 7, 1940, he filed with the Liquor Control Board his application for a medicinal permit to sell or dispense liquor for medicinal purposes. On September 24, 1940, the application was duly considered by the Board, after due notice to the applicant; at the conclusion of which the application was refused on the ground "that the pharmacy for which the permit is applied has not been in operation as a

pharmacy for a period of two years next preceding the filing of the application."

Thereafter this suit was instituted in the district court of Wichita County against the Liquor Control Board, by Clifford Cannon, to set aside and annul that order. And upon trial of same, the court rendered judgment granting plaintiff that relief; from which judgment the Board has prosecuted this appeal.

By Article 4542a, Vernon's Texas Civil Statutes, as amended in the year 1935 by Acts of the 44th Legislature, "The State Board of Pharmacy" was created, and given authority to issue permits to pursue the business of retail pharmacist, and to determine qualifications of applicants therefor. By Sec. 17 of that Article, every person who desires to continue operating a retail pharmacy or drug store after passage of that Act, is required to secure a permit from the Board; the permit to be issued annually upon receipt of proper application, accompanied by a fee of two dollars.

Following are provisions of Article 4542a:

"Sec. 19. A 'pharmacy' or 'drug store' as used in this Act is any store or place where drugs or medicines are sold or furnished in any bona fide manner at retail to the consumer wherein a registered pharmacist is continuously employed.

"Sec. 20. A 'pharmacist' as used in this Act, means a person licensed by the State Board of Pharmacy, to prepare, compound and dispense physicians' prescriptions, drugs and medicines and poisons."

By Art. 666—5, Vernon's Texas Penal Code, the "Texas Liquor Control Board" is created. Article 666—2 reads: "This entire Act shall be deemed an exercise of the police power of the State for the protection of the welfare, health, peace, temperance, and safety of the people of the State, and all its provisions shall be liberally construed for the accomplishment of that purpose."

By Art. 666—6 the Board is vested with power, to grant, refuse or cancel permits or licenses for the sale of alcoholic beverages.

By Art. 666—13 it is provided that any permit granted shall be a purely personal privilege, revocable for causes stated in the Act, and shall not constitute property.

Art. 666—15 (18) reads in part as follows: "Medicinal Permits. Retail Pharmacists shall be entitled to receive medicinal permits and sell or dispense liquor for medicinal purposes only. The holders of such permits are authorized to purchase liquor from holders of wholesaler's permits in this State. Any pharmacy for which a permit is sought must be a bona fide pharmacy registered with the State Board of Pharmacy; must employ and have on duty at all times a registered pharmacist and must have been in operation as a pharmacy for at least two (2) years in the particular political subdivision in which a permit is sought."

By Art. 666—41, the violation of any provisions of the act is made a misdemeanor, with a prescribed penalty.

The point made by appellant is to the effect that the Board of Pharmacy was without authority to issue a permit with retroactive effect covering a period of time already expired. It is then argued that during the period intervening between June 1, 1939, and December 7, 1939, the date of Permit No. 2642, plaintiff was not a bona fide pharmacy registered with the State Board of Pharmacy, doing business as a pharmacy for a period of two years next preceding the issuance of his last permit No. 277, issued June 7, 1940, but ante-dated June 1, 1940, and extending from June 1, 1940, to May 31, 1941, which was the basis of the action of the Texas Liquor Control Board in refusing the permit, because of the untrue representation in plaintiff's application to the Texas Liquor Control Board for a medicinal permit, that he had been continuously registered with the State Board of Pharmacy for a period of two years next preceding the application—which, under the provisions of Article 666—12, Subd. 3, is a ground for cancellation of a medicinal permit after its issuance.

■ That a medicinal permit to sell and dispense liquor for medical purposes does not constitute a property right, but is a purely personal privilege, revocable for causes stated in the act—to which the holder of the permit assents by accepting it —is not only one of the specific provisions of the act, but is sanctioned by a well established rule of decisions in this State and other states, such as State of Texas v. DeSilva, 105 Tex. 95, 145 S.W. 330; Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; Connell v. Texas Liquor Control Board, Tex.Civ. App., 142 S.W.2d 732; 37 C.J., para. 100,

page 243. And para. 102, page 244, reads: "As a general rule a license to pursue a given occupation or business takes effect from its actual issuance or delivery; and unless there is a statutory provision to that effect it does not relate back so as to protect the licensee for acts done prior to the actual issue of the license, such as from its date, or from the date of the act or order granting it."

■ Appellant concedes that the annual fee of $2 was required for revenue purposes, and that the same could have been paid at any time during the year covered by the permit, citing Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56. But that the requirement that the applicant for the permit must have been a registered pharmacy and operating as such for a period of two years next preceding the date of the application for the permit is the controlling test. We concur in that view. Furthermore, we believe it clear that Art. 666, with its many subdivisions, was not enacted for revenue purposes, but that it was designed to insure proper medicine for the sick and to curb the sale of liquor for beverage uses.

■ Especially when the rule of liberal construction is applied, we believe it clear that the word "pharmacy" in the concluding portion of Sub. (18) of Art. 666— 15, means a duly registered pharmacy.

■ In briefs filed here by Hons. Rice Tilley and R. V. Nichols, as amici curiae, under permission of this court, the point is made that the attack made on the permits granted by the Board of Pharmacy, with statutory jurisdiction to issue such permits, is a collateral attack, governed by the same rules as a collateral attack on a judgment of a court, and that the attack will not prevail unless it appears that the issuance of the permit was beyond the jurisdiction of that Board. The soundness of that contention is supported by the following authorities cited: Railroad Commission v. Marathon Oil Co., Tex.Civ.App., 89 S.W.2d 517, writ refused; Alpha Petroleum Co. v. Terrell, 122 Tex. 257, 59 S.W.2d 364, 372; Producers' Refining Co. v. Missouri, K. & T. Ry. Co. of Texas, Tex.Com.App., 13 S.W.2d 679; 51 C.J. page 67.

■■ However, we believe it manifest that the Board, whose powers were prescribed, was without authority to make the permit retroactive, as appears from the face of the permit, and therefore, to that extent, the permit was void and subject to collateral attack.

See also Cline v. Niblo, 117 Tex. 474, 8 S.W.2d 633, 66 A.L.R. 916.

Accordingly, appellant's assignments of error are sustained; the judgment of the trial court is reversed and judgment is here rendered, sustaining the order of the Texas Liquor Control Board, refusing the permit in controversy.