**RAILROAD COMMISSION of Texas et al., Appellants,**

**v.**

**OIL FIELD HAULERS ASSOCIATION, Inc., et al., Appellees.**

No. 11646.

Court of Civil Appeals of Texas.

Austin.

May 7, 1969.

Rehearing Denied June 4, 1969.

Concurring Opinion June 11, 1969.

Burford, Ryburn & Ford, Robert E. Burns, Dallas, for appellants.

Walter Caven, McKay & Avery, John J. McKay, Clark, Thomas, Harris, Denius & Winters, Jerry Prestridge, Mary Joe Carroll, Austin, for appellees.

PER CURIAM.

This suit was brought by 176 specialized motor carriers and the trade association to which they belong to set aside an order of the Railroad Commission issued in December 1962, prescribing rail carload rates on wrought iron or steel pipe. The suit was brought by authority of Tex.Rev.Civ.Stat. Arts. 6453 and 6454.

Twenty railroads and appellant, Lone Star Steel Company, a shipper, intervened on the side of the Commission.

A temporary injunction was issued in February, 1963, restraining the Commission from enforcing the rates under the order. This judgment was appealed to this Court where the injunction was dissolved. Railroad Commission of Texas v. Oil Field Haulers Association, Inc., 369 S.W.2d 931 (1963). The Supreme Court, on appeal, reversed this Court and reinstated the temporary injunction, Oil Field Haulers Association v. Railroad Commission of Texas, 381 S.W.2d 183 (Tex.1964).

On September 9, 1964, the District Court ordered the cause placed on the jury docket.

On November 18, 1964, the trial court set the case for hearing for January 25, 1965. For a number of reasons not pertinent here, the case was continued from time to time. Finally, the case was set for jury trial on June 10, 1968. On June 6, 1968, request was made to the court for withdrawal of the request for a jury trial set for June 10, 1968. On the same date appellees filed a motion to remand the subject matter of this cause to the Railroad Commission of Texas.

The motion to remand was heard by the trial court on June 13, 1968. Subsequently, on June 21, 1968 the court entered a judgment dissolving the injunction restraining enforcement of the rates, declared void *ab initio* the freight order of the Commission, and remanded the case to the Commission for further consideration. The judgment further recited that the trial court took judicial notice of the numerous changes in economic conditions taking place in this State within the past six years, including rising prices and costs in labor and material, "all of which necessarily mean that economic and industrial conditions six years ago are not comparable to such conditions today."

The appellant Lone Star perfected its appeal to this Court and the Attorney General appealed on behalf of the Railroad Commission. However, the Attorney General failed to file briefs in this Court and made no further appearance on behalf of the Commission. See Art. 4395, Vernon's Ann.Civ.St.

All appellees pray for an affirmance.

We reverse the judgment of the trial court and remand this cause for trial.

Appellant Lone Star is before us on five points of error,[1] the gist of these being the

---

1. First Point of Error: The trial court erred in annulling the rate order of the Commission in the absence of any showing, and any finding, that the rate order was unjust and unreasonable to plaintiffs; Second Point of Error: The trial court erred in not requiring the plaintiffs to "discharge the burden placed on them by Art. 6454 of showing that the rates are unjust and unreasonable to them in that there is a reasonable likelihood that their businesses and their services,

error of the court in annulling the rate order of the Commission in the absence of any showing and without any finding that the rate order was unjust and unreasonable. There is no appeal from that portion of the judgment dissolving the temporary injunction.

We sustain appellants' points.

Under Articles 6453 and 6454 the legislature intended to confer upon the courts power to "try and determine" the question of the reasonableness of rates "as in other civil causes" as such rates affect the rights of shippers and the carriers. Railroad Commission of Texas v. Weld & Neville, 95 Tex. 278, 66 S.W. 1095 (1902).

■ The rates fixed by the Railroad Commission are binding and conclusive upon all parties until set aside by a proceeding in district court as provided in Articles 6453 and 6454. Producers' Refining Company v. Missouri, K. & T. R. Co., 13 S.W. 2d 679 (Tex.Com.App.1929); Texas & New Orleans Railroad Co. v. Railroad Commission, 155 Tex. 323, 286 S.W.2d 112 (Tex. 1955). It was further held in these cases that the Railroad Commission cannot pass a judicial-type judgment upon its own legislative order.

In remanding the case to the trial court with instructions to reinstate the temporary injunction involved here, the Supreme Court stated:

"We therefore hold that Haulers are parties 'at interest' within the meaning of art. 6453 authorizing appeals from orders of the Commission prescribing and adopting rail freight rates, and that they may

for which there is a public necessity, will be destroyed or substantially curtailed," as ordered by the Supreme Court in the former appeal; Third Point of Error: The trial court erred in finding, without evidence to support it, that there had been changes in economic conditions since the promulgation of the rate order under attack; Fourth Point of Error: The trial court erred in concluding that a change of economic conditions, occurring since

enjoin enforcement of prescribed rates if they can discharge *the burden placed on them by art. 6454 of showing that the rates are unjust and unreasonable to them in that there is a reasonable likelihood that their businesses and their services, for which there is a public necessity, will be destroyed or substantially curtailed."* (Emphasis added.)

■ Thus a rate order of the Commission becomes effective on the date prescribed in the order and the statutes permit the enforcement of the rates until a judgment has been rendered by the court declaring them to be unjust and unreasonable, Railroad Commission v. Weld & Neville, supra.

■ In a suit to set aside a rate order of the Commission, the sole function of the court is to determine whether the order is unjust and unreasonable as to the complaining party, Texas & N. O. R. Co. v. Railroad Commission, supra. The order must stand or fall on conditions as they existed at the time the Commission acted and the court has no power to consider changed conditions. Lone Star Gas Company v. State, 137 Tex. 279, 153 S.W.2d 681 (1941).

We reverse the judgment of the trial court and remand this cause for trial in accordance with this opinion.

Reversed and remanded.

## ON MOTIONS FOR REHEARING

HUGHES, Justice (concurring).

Appellees Oilfield Haulers Association, Inc., et al state, "The only appellant is Lone

the promulgation of the rate order of the Commission here involved, justifies the Court setting aside, as void *ab initio*, such rate order, "in the interests of justice;" Fifth Point of Error: The trial court erred in setting aside the order of the Commission here involved because such relief was not sought by the plaintiffs in their Motion upon which the trial court acted. Hence, the judgment does not conform to the pleadings as required by Rule 301.

Star Steel Company; the absence of any participation in the appeal by the Railroad Commission of Texas is subject to only one construction—the Railroad Commission of Texas is not in sympathy or accord with the contentions made by Lone Star Steel Company and has agreed to and adopted the position of Appellees."

Railroad appellees say, "The Court will please observe that the style given by the Court in its Per Curiam opinion indicates that the Railroad Commission is a party appellant, which is not the case, the appellant being Lone Star Steel Company. * * *"

The Railroad Commission of Texas is an appellant in this Court. It, through the Attorney General, filed notice of appeal from the judgment entered below; made an affidavit to the effect that under the law it was not required to post security to appeal; it made a praecipe upon the Clerk of the trial court for the transcript which was filed in this Court.

The Railroad Commission has not moved to dismiss its appeal, and this Court has not dismissed it.

Art. 4395, V.T.C.S. provides, "The Attorney General shall prosecute and defend all actions in the Supreme Court or in the Courts of Civil Appeals in which the State may be interested."

Appellees Haulers say that, "This Court, by its Per Curiam opinion, has assumed that one private litigant, Lone Star Seel Company, may usurp the function of the Attorney General and represent the Railroad Commission in the appellate courts of this State * * *" despite such statute.

It seems to me that it is Haulers who are attempting to speak for the Attorney General.

If the Attorney General had complied with the statute and represented the Railroad Commission in this Court in this case all doubt about his position and that of the Commission would be dispelled.

Oilfield Haulers say in their motion that they "find it difficult to believe that this Court or any member thereof gave to the case at bar the consideration which it merited," and they ask us to give it "genuine consideration."

The unorthodox judgment of the trial court is without a semblance of authority to sustain it, and appellees do not advance any tenable theory upon which it can be upheld.

Haulers say, "The decision which Lone Star Steel Company seeks would not be just or equitable to any party. It would, however, provide an economic windfall for a major pipe shipper such as Lone Star Steel."

Yet, Railroads say, "The true parties in interest in this type of litigation are the concerned carriers and the enforcement agent, the Commission. *Those who merely use a rate have no justiciable interest in the controversy.*" (Italics mine.)

I quote from the intervention of Lone Star Steel:

"Lone Star Steel Company was the complainant in the proceeding here under attack and instituted the proceedings out of which the order of December 18, 1962, challenged by Oil Field Haulers Association, was entered. The order here under attack prescribed a reasonable, nondiscriminatory basis of freight rates for the movement of products manufactured by Lone Star Steel Company. The establishment and maintenance of such a scale of freight rates is vital to the continued existence of Lone Star Steel Company. Without such freight rates the ability of Lone Star Steel Company to compete for the sale of its products as against manufacturers located in other states is so substantially curtailed that, in many instances, Lone Star Steel Company is virtually eliminated as a competitor.

By reason of the foregoing, Lone Star Steel Company, which has an investment

of millions of dollars in its plant and facilities, has a direct and vital interest in the prescription and maintenance of the rates established by the Railroad Commission. As a member of the shipping public it has a right, under the law, to the prescription and maintenance of reasonable and nondiscriminatory freight rates. Thus it has a property interest and rights which need to be protected. These rights are being challenged in this proceeding by virtue of the action of the plaintiff herein. These property rights and interest differ from that of the public in general because Lone Star Steel Company is the only Texas manufacturer of pipe of the kind and type which it manufactures, its continued existence depends upon the establishment and maintenance of equitable freight rates and in the absence of such equitable freight rates its business existence is imperiled."

Lone Star should be given an opportunity to prove these allegations, which, if sustained, would clearly show its interest in and right to defend the order of the Commission attacked herein.

Railroads are also intervenors in this cause, and motions to strike their intervention were overruled.

No motion to strike intervention of Lone Star was made.

The general rule for intervening is stated in 44 Tex.Jur.2d, Parties, Sec. 40 to be, "Thus, anyone who has an interest in the subject matter of litigation pending between other parties may intervene for the purpose of asserting and protecting that interest."

It seems to me especially appropriate that Lone Star be permitted to intervene in this cause where its interests as a major shipper in a rate order of the Commission are asserted, and are conceded by Haulers, since the Railroad Commission has shown no indication to defend its own order, thus casting the whole burden on the shipper.

It would be preposterous to me to hold that only the railroads, who collect the freight, should be permited to intervene in this suit and that shippers, such as Lone Star, who pay the freight, should not be allowed to intervene.

I sympathize with the plight of appellees who say that after this long delay they will have difficulty in trying this case, but I cannot let sympathy warp my judgment of the law. I do not find any support to the argument that in some mysterious way appellants have prevented a trial of this case. The trial court is responsible for seeing that litigants have a trial if any party insists. If he fails to provide a trial this Court and the Supreme Court can compel it. There is no showing as to any of this.

Appellees appealed from the order of the Commission and it was their statutory duty to comply with the statutes regulating such appeal and its prosecution and by no legerdemain may this burden be shifted to appellants.

The only question of any substance presented by this appeal is the authority vel non of the trial court to remand this case to the Commission. Our decision in Gerst, Savings and Loan Commissioner et al. v. Jefferson County Savings and Loan Association, 390 S.W.2d 318, Tex.Civ.App.-Austin, writ ref. n. r. e. (1965) on this point was based on a statute. The necessity for this statute in cases such as Gerst enforces our decision that without it the authority does not exist.

In Missouri-Kansas & T. R. Co. of Texas v. Railroad Commission, Tex.Civ.App., 3 S.W.2d 489 (1928) affirmed and opinion approved Producers' Refining Co. v. Missouri K. & T. R. Co. of Texas, 13 S.W.2d 679, Chief Justice McClendon for this Court in discussing the rate making authority of the Commission stated:

"And, while ample express powers are conferred upon the commission as a legislative rate-making body, we find nothing in the act which confers upon it the judicial or quasi judicial power to reopen a rate it has fixed, and determine its un-

reasonableness, unjustness, or discriminatory effect in so far as it has operated upon transactions that have already taken place. All of the statutory provisions in regard to rate-making powers and duties of the commission appear to be legislative in character and prospective in operation."

In Lone Star Gas Co. v. State, 137 Tex. 279, 153 S.W.2d 681 (1941), a rate case, the Court said:

"The rate order here attacked is certainly not invalid on its face. If any invalidity or defect exists therein, an examination of the order alone would not disclose that fact. In order to disclose any defect or invalidity which may exist in this order, it will be necessary to go behind the same and introduce evidence to prove that fact. So long as the order stands, and is in force, it is the duty of the Gas Company to obey it. It follows that Article 6059 and allied statutes prescribe the exclusive statutory judicial remedy for all persons and parties who wish to attack this order. Alpha Pet. Co. v. Terrell et al., 122 Tex. 257, 59 S. W.2d 364, 59 S.W.2d 372."

I also quote from Houston Chamber of Commerce v. Railroad Commission, 19 S. W.2d 583, aff. 124 Tex. 375, 78 S.W.2d 591 (1929) :

"In rate making, the functions of the commission are legislative in character and its orders prospective in operation. The commission cannot set aside, annul, or grant relief from the effect of any rate it may make. It may modify or repeal, and so extend relief prospectively; but, in so far as its orders already made are concerned, the courts alone can give relief. See Missouri-Kansas & T. Ry. v. R.R.Com. (Tex.Civ.App.) 3 S.W.2d 489."

No conceivable purpose could be served in remanding this case to the Railroad Commission.

Whether the Commission could have entered or could now enter a new rate order displacing the order here involved pending appeal of this case under its continuing power to supervise rate structure and make changes is not before us. See, however, Producers' Refining Co. v. M. K. & T. R. Co., 13 S.W.2d 679, Tex.Com. of Appeals (1929), Railroad Commission of Texas v. Galveston Chamber of Commerce, 115 S.W. 94, Tex.Civ.App. Austin, writ denied (1908), Texas & N. O. R. R. Co. v. Railroad Comm., 155 Tex. 323, 286 S.W.2d 112 (1955), Sec. 6, Art. 6448, V.T.C.S.

I am thoroughly satisfied that the rate order in this case cannot be changed so as to affect rights which may have accrued under it except by appeal as provided by statute.

I concur in the overruling of appellees' motions for rehearing.*

---

* This opinion is in lieu of the concurring opinion by Judge HUGHES on rehearing, which opinion is withdrawn.