NURSING HOME LICENSE
Hospital and nursing home licenses automatically become invalid on the effective date of a change of ownership; that the State Board of Health has no authority to issue a new license retroactive to the effective date of such change of ownership; that the thirty-day grace period provided under 63 O.S. 1-1702 [63-1-1702] (1971) has no applicability to such licenses; and that the notice provisions of 75 O.S. 314 [75-314] (1971), are not applicable to new licenses issued pursuant to a change of ownership. The Attorney General has received your request for an opinion wherein you ask the following questions: "1. Is our assumption correct that a hospital or nursing home license automatically becomes invalid on the effective date of a change in ownership? "2. If so, is there legal authority for a new license to be issued retroactively to the effective date of the change in ownership? "3. Does 63 O S. 1-1702 (1971) providing the holder of any renewable license issued under the provisions of the Public Health Code a thirty day grace period after the expiration of said license have any relevance in the matter of changes of ownership? "4. Are the provisions of 75 O.S. 314 [75-314] (1971) relative to notice to licensee applicable in the matter of changes of ownership?" Title 63 O.S. 1-704 [63-1-704] and 63 O.S. 1-805 [63-1-805] (1971) are determinative of your first question and read, in pertinent part, as follows:" `1-704. . . . The application by any person for a license to operate a hospital or related institution within the meaning of this article shall be accompanied by a fee to be determined by the number of beds available for patients, . . . No such fee shall be refunded unless licensure is refused. All licenses shall expire the 31st day of December each year, shall be on a form prescribed by the State Commissioner of Health, shall not be transferrable or assignable, shall be issued only for the premises named in the application, shall be posted in a conspicuous place on the licensed premises, and may be renewed from year to year on application, investigation and payment of license fee, as in the case of procurement of an original license." (Emphasis added) "1-805. . . . An application for a license, or renewal thereof, to operate a nursing home, rest home or specialized home shall be accompanied by a fee of Twenty-five Dollars ($25.00) for each calendar year, . . . All licenses and renewals shall expire on the 31st day of December each year, shall be on a form prescribed by the Commissioner, shall not be transferrable or assignable, shall be posted in a conspicuous place on the licensed premises, shall be issued only for the premises named in the application, and may be renewed from year to year upon application, inspection and payment of the license fee, as in the procurement of the original license." (Emphasis added) A plain reading of the above sections dictate that your first question be answered in the affirmative. Inasmuch as neither hospital nor nursing home licenses may be transferred or assigned, it is clear that at such time as the ownership changes hands, the license automatically terminates. This is in accordance with the general law that licenses do not constitute a property right, but are only a personal privilege of the holder of such license. As regards your second question, the statutes do not dictate the effective beginning date of the licenses, but only that each license expires on the 31st day of December of each year, and that they may be renewed from year to year upon application, inspection and payment of the license fee, 63 O.S. 1-704 [63-1-704] and 63 O.S. 1-805 [63-1-805] (1971), supra. The general law regarding licenses and the date of their taking effect, as set out in 63 C.J.S. Licenses, 42 at page 644, is as follows: "As a general rule a license to pursue a given occupation takes effect from its actual issuance or delivery or from the date stated in the certificate; and unless there is a statutory provision to that effect it does not relate back so as to protect the licensee for acts done prior to the actual issuance of the license, such as from its date or from the date of the act or order granting it." As authority for this statement of law, C.J.S. cites the case of Texas Liquor Control Board v. Cannon, 147 S.W.2d 927, (1941), which this office likewise finds persuasive. In this case, the Texas Supreme Court stated: ". . . We believe it manifest that the Board, whose powers are proscribed, was without authority to make the permit retroactive, as appears from the face of the permit, and therefore, to that extent, the permit was void and subject to collateral attack." In this case, the Texas State Board of Pharmacy had issued a permit on November 16, 1938, reciting that it was effective June 1, 1938, to May 31, 1939; a permit on December 7, 1939, reciting that it was effective from June 1, 1939 to May 31, 1940, and a permit applied for and issued on June 7, 1940, but antedated June 1, 1940, reciting that it was effective from June 1, 1940 to May 31, 1941. The Court held that under these factual circumstances, the pharmacy was not duly registered during the period intervening between June 1, 1930 and December 7, 1939, for the purposes of having been continuously registered with the State Board of Pharmacy for a period of two years prior to issuance of the last permit on June 7, 1940, as required for a medicinal permit under Texas liquor laws. Such rationale would likewise jeopardize the validity of any license issued by the State Health Department purporting to be retroactive to a date prior to the actual issuance of such license. In Texas Liquor Control Board v. Cannon, supra, the court distinguished between licenses issued purely for revenue purposes and ones issued to insure the public health and welfare. The court indicated that revenue licenses could be issued anytime during the license period for the entire period, but that ones issued for health purposes could only operate prospectively. We concur in that view, and inasmuch as it is apparent that hospital and nursing home licenses fall within the health purpose category, we find that your second question be answered in the negative. As regards your third question, 63 O.S. 1-1702 [63-1-1702] (1971) provides as follows: "The holder of any renewable license issued under the provisions of this Code shall be entitled to thirty (30) days after the expiration date thereof in which to renew the same, without penalty; and if he fails to pay the renewal fee within such thirty-day period, he shall unless otherwise provided in this Code, be required to pay a penalty fee equal to the amount of the renewal fee, which penalty fees shall not exceed Ten Dollars ($10.00) for a violation of the provisions of this Code." This statute on its face deals only with renewal of licenses, and is, therefore, not applicable to situations arising under the provisions of Sections 1-704 and 1-805, wherein the licenses automatically terminate upon change of ownership. Thus the thirty-day grace period provided for in this section would have no applicability to such instances, and your third question must be answered in the negative. As regards your fourth question, 75 O.S. 314 [75-314] (1971) reads in pertinent part as follows: "(a) When the grant, denial, or renewal of a license is required to be preceded by notice and opportunity for hearing, the provisions of this Act concerning individual proceedings apply." Inasmuch as the licenses required for hospitals and nursing homes are terminated as a matter of law upon change of ownership in accordance with our answer to your first question, it is apparent that this section has no applicability to such licenses. There is no requirement for notice or hearing under either the hospital or nursing home licensing statutes, and, thus, by the express terms of Section 314, its notice requirements are not applicable. It is, therefore, the opinion of the Attorney General that hospital and nursing home licenses automatically become invalid on the effective date of a change of ownership, that the State Board of Health has no authority to issue a new license retroactive to the effective date of such change of ownership; that the thirty-day grace period provided under 63 O.S. 1-1702 [63-1-1702] (1971) has no applicability to such licenses; and that the notice provisions of 75 O.S. 314 [75-314] (1971), are not applicable to new licenses issued pursuant to a change of ownership. (James R. Barnett)