**RAILROAD COMMISSION of Texas et al., Appellants,**

v.

**MERCHANTS FAST MOTOR LINES, INC., et al., Appellees.**

No. 12454.

Court of Civil Appeals of Texas, Austin.

Nov. 17, 1976.

Rehearing Denied Jan. 26, 1977.

John L. Hill, Atty. Gen., John D. Hughes, Asst. Atty. Gen., Austin, for Railroad Commission of Texas.

Austin L. Hatchell, Lanham, Hatchell & Sedberry, Austin, and Rogers, Hughes & Herman, Austin, for appellant Morgan Express, Inc.

Phillip Robinson, Robinson, Felts, Starnes & Nations, Austin, and Jerry Prestridge, Clark, Thomas, Winters & Shapiro, Austin, for appellees.

SHANNON, Justice.

This opinion concerns an appeal from an order of the Railroad Commission to the district court of Travis County. The main questions are whether the Administrative Procedure and Texas Register Act, Tex.Civ. Stat.Ann. art. 6252–13a (1975) was applicable to the case, and if so, whether the district court erred in not remanding the cause to the agency for further proceedings. The Act took effect on January 1, 1976.

Appellants are the Railroad Commission of Texas and Morgan Express, Inc. Morgan Express, Inc., filed an application seeking authority to amend its common carrier cer-tificate so as to remove certain restrictions and to add other transportation services. Prior to its application Morgan was authorized to transport over regular routes "Goods, Wares and Merchandise, in packages not to exceed fifty (50) pounds each in weight, and Newspapers, Newsreels, Films, and Theater supplies, in packages or bundles not to exceed one hundred (100) pounds each in weight, and the transportation not to exceed three thousand (3000) pounds per single unit." Morgan's certificate also contained the restriction that, "The holder of this certificate is authorized to charge a rate for such services, the minimum of which shall not be lower than the lowest maximum rate charged by any other common carrier transporting like commodities over the route, or parts thereof, set out hereinafter . . ."

By its application Morgan sought authority to eliminate, in general, the restriction limiting the weight of the shipments and the restriction concerning the rates which could be charged by it. After hearing, the Commission entered its order on June 11, 1975, granting part of the requested changes.

Appellees, seven competing motor carriers, filed suit in the district court of Travis County to set aside the Commission's order. The trial in district court was conducted in 1975, but the judgment setting aside the Commission's order was not signed until January 12, 1976.

After the court entered judgment and filed conclusions of law, the Railroad Commission filed a motion for remand pursuant to the Administrative Procedure Act so the Commission could correct the deficiencies in its order. The district court overruled the motion for remand upon the basis that the Administrative Procedure Act was not retrospectively applicable to the case.

The remand provisions in the Administrative Procedure Act are found in § 19(e). That section provides in part that the court ". . . may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further proceedings if substantial rights of the appellant have

been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

(1) in violation of constitutional or statutory provisions;

(2) in excess of the statutory authority of the agency;

(3) made upon unlawful procedure;

(4) affected by other error of law;

(5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

In defense of the judgment, appellees say that application of the Administrative Procedure Act to the case would have been retrospective and, therefore, would have been in violation of Tex.Const. Art. I § 16.

■■■■ Texas Const. Art. I § 16 provides that no retroactive law shall be enacted. That prohibition, however, does not apply to statutes relating to procedure or remedies. *Regal Properties v. Donovitz*, 479 S.W.2d 748 (Tex.Civ.App.1972, writ ref'd n.r.e.). Section 19(e) of the Administrative Procedure Act is a procedural statute. Such statutes control litigation from the date they become law, and all subsequent proceedings must be under the new law. *Phil H. Pierce Company v. Watkins*, 114 Tex. 153, 263 S.W. 905 (1924), *Boyd v. Dean*, 515 S.W.2d 753 (Tex.Civ.App.1974, no writ).

Appellees contend further that exercise of the remand provisions of the Act would "definitely and positively affect the substantive rights of the litigants." As we understand their position, appellees claim that they had a *vested substantive* right in the character of review, afforded by the law on June 11, or August 6, 1975, the dates of the entry of the Railroad Commission's order and the order overruling their petition for reconsideration. Appellees then say that the application of the Act by remanding the cause would have impaired that *vested* right.

■ We recognize that procedural statutes may, on occasion, impair or destroy substantive rights. However, contrary to their contention, appellees have no vested right in the character of review afforded by the law on the date which the Commission entered its order, *Phil H. Pierce Company v. Watkins, supra*; nor do appellees have any vested right to appeal errors which existed in the Commission's order of that date. See *Securities and Exchange Commission v. Chenery Corp.*, 332 U.S. 194, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947). It follows, we think, that the Administrative Procedure Act was applicable to the case at bar.

■ In general, it may be said that if the reviewing court finds error in the agency order, it may remand the case to the agency for further consideration. *First Savings and Loan Association of Del Rio, Tex. v. Lewis*, 512 S.W.2d 62, 64 (Tex.Civ.App.1974, writ ref'd n.r.e.). In that case, which was decided before the enactment of the Administrative Procedure Act, we wrote that the district court could permit the agency on remand an opportunity to meet objections to its order by correcting irregularities in procedure, or by supplying deficiencies in the record, or by making additional findings where those were necessary, or by supplying findings validly made in the place of those attacked as invalid. Under § 19(e) of the Administrative Procedure Act, the uses of remand are as broad, or more so, than those mentioned in *First Savings and Loan Association of Del Rio, Tex. v. Lewis, supra*.

Having determined that the district court was authorized to remand the cause to the Railroad Commission under § 19(e) of the Administrative Procedure Act, we now turn to the question of whether the court's conclusions of law were correct.

The district court filed some eighty-four conclusions of law. The court determined many bases for the invalidity of the Commission's order. One basis was that the Commission's order purported to prescribe for Morgan's account Tariff 31–D on shipments weighing up to one hundred pounds. The court further concluded that the Commission's order purported to prescribe for

Morgan's account rates on shipments weighing over one hundred pounds to be determined by multiplying the weight of any given shipment by the first-class rate prescribed in Section 4 of Tariff 31–D and dividing the product by 100. The court reasoned that both of such actions should be set aside as unlawful, null and void because, as phrased by appellees, (1) Morgan filed no Form 7(a) rate application concerning such rates; (2) no notice of the proposed action was given to the public or interested persons; and (3) no hearing was held to receive evidence concerning the application of Tariff 31–D for the account of Morgan.

Morgan claims that the Commission's order did not prescribe a level of rates, but merely prescribed that Morgan should apply the pre-existing Tariff 31 series. That being so, Morgan says, there was no necessity for it to have filed a Form 7(a) application. Rule 13(E), promulgated by the Transportation Division of the Railroad Commission, requires a Form 7(a) application if a carrier seeks the "establishment of, or an amendment to or change in a tariff, rate, fare, charge, classification, provision, rule, regulation or rate practice."

The terms of Rule 13(E) are broad. By those terms a Form 7(a) application should be made anytime there is an action concerning rates. Although the Commission's order does not establish a new rate structure, it does affect "rate practice."

Morgan argues that even if a Form 7(a) application should have been filed, its application for operating authority contains the information required in Form 7(a). We observe that Rule 13(E) of the Rules of Practice and Procedure for the Transportation Division requires that applications concerning rates be alleged with particularity. The purpose of this requirement is to inform the Commission, interested parties, and the public of a rate issue and the applicant's justifications therefor. Morgan's incidental inclusion of rate information in its application for operating authority is not sufficient to meet the notice requirements of the agency rules.

We reverse the judgment of the district court and remand the cause to the district court for remand to the Railroad Commission of Texas to give the Commission an opportunity to correct any errors in its order of June 11, 1975, all pursuant to § 19(e) of the Administrative Procedure Act.

Reversed and Remanded with Instructions.