**MERCHANTS FAST MOTOR LINES, INC., et al.**

v.

**RAILROAD COMMISSION OF TEXAS et al.**

NO. B–6594.

Supreme Court of Texas.

Oct. 25, 1978.

Rehearing Denied Dec. 13, 1978.

Jerry C. Prestridge, Robinson, Felts, Starnes & Nations, Timothy K. Mashburn and Phillip J. Robinson, Austin, for petitioners.

John L. Hill, Atty. Gen., John David Hughes, Asst. Atty. Gen., Rogers, Hughes & Herman, Timothy J. Herman, Lanham, Hatchell & Sedberry, Austin L. Hatchell, Austin, for respondents.

DANIEL, Justice.

A controlling question in this case is whether review of an administrative order made by the Texas Railroad Commission prior to the effective date of the Administrative Procedure Act should be reviewed under the provisions of that Act or as provided by the law in effect when the administrative order was promulgated and the review was sought.

Morgan Express, Inc., applied for and the Railroad Commission granted an order on June 11, 1975, substantially amending and enlarging its motor carrier authority and prescribing certain new rate schedules for Morgan. Merchants Fast Motor Lines, Inc., and six other competing carriers contested the application and challenged the validity of the order by petition filed in the District Court of Travis County on August 13, 1975, as provided in Sec. 20 of the Motor Carrier Act, Article 911b.[1]

The trial court completed its hearing of the appeal on November 20, 1975, and entered judgment setting aside the order on January 12, 1976, eleven days after the new Administrative Procedure Act became effective on January 1, 1976.[2] The trial court held the Morgan order to be invalid for several reasons, including a lack of substantial evidence in support of the order and a lack of due process with respect to changes in the applicable rates. The Court of Civil Appeals agreed with the trial court on the errors in the Commission order relating to rates, but did not pass on the substantial evidence and other points raised by Morgan. Instead, the Court of Civil Appeals reversed the trial court and remanded the cause to that court with directions to remand it to the Commission "to give the Commission an opportunity to correct any errors in its order of June 11, 1975, all pursuant to § 19(e) of the Administrative Procedure Act." 545 S.W.2d 198. We reverse the judgment of the Court of Civil Appeals and affirm the judgment of the trial court.

---

1. All statutory references are to Vernon's Annotated Texas Civil Statutes unless otherwise noted. Sec. 20 of Art. 911b provides in part as follows:

    "Sec. 20. If any motor carrier or other party at interest be dissatisfied with any decision, rate, charge, rule, order, act, or regulation adopted by the Commission, such dissatisfied person, association, corporation, or party after failing to get relief from the Commission may file a petition setting forth the particular objection to such decision, rate, charge, rule, order, act or regulations, or to either or all of them in the District Court in Travis County, Texas, against said Commission as defendant. . . . Either party to said action may appeal to the Appellate Court having jurisdiction of said cause and said appeal shall be at once returnable to said Appellate Court having jurisdiction of said cause . . . ."

2. Article 6252–13a (1975), known as the Administrative Procedure and Texas Register Act, effective January 1, 1976, which will be referred to herein as the Administrative Procedure Act or the APA.

By application dated August 20, 1971, amended on January 3, 1973, Morgan sought a Commission order removing certain restrictions from its Common Carrier Certificate No. 3063 and the addition of other transportation services. Prior to this application, Morgan's certificate authorized it to transport over regular routes "Goods, Wares and Merchandise, in packages not to exceed fifty (50) pounds each in weight, and Newspapers, Newsreels, Films, and Theater supplies, in packages or bundles not to exceed one hundred (100) pounds each in weight, and the transportation not to exceed three thousand (3000) pounds per single unit." The certificate also contained the restriction that, "The holder of this certificate is authorized to charge a rate for such services, the minimum of which shall not be lower than the lowest maximum rate charged by any other common carrier transporting like commodities over the route, or parts thereof, set out hereinafter . . ."

On June 11, 1975, the Railroad Commission granted part of the requested changes, including an increase in the weight restrictions and changes in the rate tariffs prescribed for Morgan's account. As heretofore stated, the seven competing carriers filed a petition on August 13, 1975, challenging the validity of the order in accordance with Sec. 20 of Art. 911b. Hearings were held in the trial court on November 18, 19, and 20, 1975, after which the trial court asked for briefs and took the case under advisement. On January 12, 1976, the trial court rendered judgment declaring the order void, setting it aside, and enjoining the issuance of the amended certificate. The trial court filed eighty conclusions of law on February 6, 1976, and an additional four conclusions of law on February 27, 1976, in which it stated reasons for its action.

In the meantime, on February 9, 1976, the Commission filed a motion in the trial court praying for a recision of the court's prior judgment and for a remand of the cause to the Commission "for further proceedings on all issues raised in this case and other instructions deemed appropriate by the Court . . .", pursuant to the authority for remand granted by Section 19(e) of the Administrative Procedure Act. The trial court denied this motion on the grounds that the APA was inapplicable to the proceeding.

### Intent of the Administrative Procedure Act

Petitioners, hereinafter referred to as Merchants or the competing carriers, insist that review of the Commission's order should be under the law which was in effect when the order was promulgated. It is clear that all administrative proceedings in this case were conducted and decided before the APA became effective. During such time, a suit to set aside a Railroad Commission order in motor carrier cases was governed by Sec. 20 of Art. 911b, and the order was either affirmed or set aside. Remand to the Commission was without statutory authority. *Railroad Commission v. Oil Field Haulers Association*, 442 S.W.2d 874 (Tex.Civ.App.1969, writ ref'd n.r.e.).

Morgan contends that Sec. 19(e) of the APA (Art. 6252–13a) which provides for affirmance, reversal or remand of administrative decisions should be retroactively applied since it is a procedural statute.

Retroactive laws are prohibited by Article 1, Sec. 16, of the Texas Constitution. As a general rule, statutes operate prospectively, but they may operate retrospectively when no impairment of vested rights results. *Cox v. Robison*, 105 Tex. 426, 150 S.W. 1149 (1912). Moreover, statutes will not be applied retrospectively unless it appears by fair implication from the language used that it was the intent of the Legislature to make it applicable to both past and future transactions. *State v. Humble Oil & Refining Co.*, 141 Tex. 40, 169 S.W.2d 707 (1943).

On the other hand, as to procedural statutes, it is settled that the Legislature may make changes applicable to future steps in pending cases. *Phil H. Pierce Co. v. Watkins*, 114 Tex. 153, 263 S.W. 905

(1924); *Regal Properties v. Donovitz*, 479 S.W.2d 748 (Tex.Civ.App.1972, writ ref'd n.r.e.); *Boyd v. Dean*, 515 S.W.2d 753 (Tex. Civ.App.1974, no writ). This is because a litigant has no vested right in a procedural remedy. *Phil H. Pierce Co. v. Watkins, supra.* In the above cases, the legislative intent was either clearly stated[3] or there was nothing in the Act which expressed or implied a contrary intent. Sections 13–18 of the APA (Art. 6252–13a) provide standards for administrative hearings and records, and the relevant Sections applicable to judicial review are as follows:

"Sec. 19. (a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act. This section is cumulative of other means of redress provided by statute.

" . . .

"(d)(3) the review is conducted by the court sitting without a jury and is confined to the record, except that the court may receive evidence of procedural irregularities alleged to have occurred before the agency but which are not reflected in the record.

"(e) The scope of judicial review of agency decisions is as provided by the law under which review is sought. Where the law authorized appeal by trial de novo, the courts shall try the case in the manner applicable to other civil suits in this state and as though there had been no intervening agency action or decision. Where the law authorizes review under the substantial evidence rule, or where the law does not define the scope of judicial review, the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further proceedings if substantial rights of the appellant have

been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

"(1) in violation of constitutional or statutory provisions;

"(2) in excess of the statutory authority of the agency;

"(3) made upon unlawful procedure;

"(4) affected by other error of law;

"(5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or

"(6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

" . . .

"Sec. 22. Chapter 274, Acts of the 57th Legislature, Regular Session, 1961, as amended (Article 6252–13, Vernon's Texas Civil Statutes), and all other laws and parts of laws in conflict with this Act are repealed. . . ."

◼ The Administrative Procedure Act does not specifically state that its judicial review provisions shall or shall not apply to administrative hearings and decisions which have been concluded prior to the effective date of the Act. The above cited cases suggest various conclusions or interpretations when a remedial statute does not contain express words as to its prospective or retrospective application. We deem it more appropriate, however, to follow the fundamental rule that legislative intention should be ascertained from the entire act, and not from isolated portions thereof. *Woods v. Littleton*, 554 S.W.2d 662 (Tex.1977); *City of Mason v. West Texas Utilities Co.*, 150 Tex. 18, 237 S.W.2d 273 (1951). The Legislature has declared: "In all interpretations, the court shall look diligently for the intention of the Legislature, keeping in view at all times the old law, the evil and the remedy." Art. 10, Sec. 6, Texas Revised Civil Statutes. The purposes of the APA stated in Sec. 1 include the following: " . . .

---

**3.** For instance, in *Phil H. Pierce Co. v. Watkins, supra*, the relevant statute provided: "[A]ll inconsistent laws and rules of practice and procedure shall be inoperative in the civil district courts of the class included within this act."

to afford minimum standards of uniform practice and procedure for state agencies . . . and to restate the law of judicial review of agency action."

When the APA was enacted in 1975, there were no uniform rules for conducting, deciding and appealing from administrative decisions. Under the old law, numerous administrative agencies conducted hearings according to their own applicable rules, some of which required findings of fact and conclusions of law in support of their decisions and some of which did not. Review of administrative orders under the substantial evidence rule was by trial in the district court upon a new record without regard to the evidence heard by the administrative agency.[4] This type of substantial evidence review of a newly developed court record, which often differed from the evidence heard by the agency, came under severe criticism.[5] It was an "evil" of the old law. The remedy provided by the APA was to require a more complete administrative record, with findings of fact and conclusions of law, and to limit judicial review to the record made before the administrative agency. The intended effect of this change was noted by this Court in *Imperial American Resources Fund v. Railroad Commission*, 557 S.W.2d 280 (Tex.1977), as follows:

". . . Through enactment of the Administrative Procedure Act . . . the Legislature has made a far-reaching change in limiting judicial review under the substantial evidence rule to the records made before the administrative agencies. The result is that the agencies and the courts now consider the same evidence. Judicial review under the essential standards of the substantial evidence rule has been preserved, but the courts now test the substantiality of the evidence upon which an administrative agency made its decision. . . ."

Judicial knowledge can be taken of the fact that some administrative proceedings were being conducted and some decisions were made under pre-existing laws between the final enactment of the APA on April 22, 1975, and its effective date of January 1, 1976. It can be assumed that the Legislature knew such proceedings were ongoing, which may account for the setting of the later effective date. We find no indication in the Act that it was intended to apply to administrative records and orders which were made pursuant to hearings conducted under pre-existing laws. From a careful study of the structure of the entire APA, we conclude that it was intended to apply only to administrative orders promulgated after January 1, 1976. This conclusion applies to the judicial review provisions of the Act, because under the APA, such review is limited to the record made in the administrative hearing. Otherwise, all of the pre-APA orders would be subject to remand and retrial in accordance with APA standards.

It is undisputed that in this case the administrative record and decision of June 11, 1975, did not meet APA standards. Those standards were not then in effect. The competing carriers sought and obtained judicial review under Sec. 20 of the Motor Carrier Act (Art. 911b), which was the only right of appeal available to them at the time. It is impossible to apply APA standards of review to a record and a decision made under different standards of pre-existing law. Accordingly, we hold that an administrative order made prior to the effective date of the APA must be reviewed under the laws applicable when the order was promulgated, and that APA review provisions are not applicable thereto.

*Errors Upon Which Reversal Was Based*

The question to be decided on review is whether the Commission's order of June 11,

---

4. The only exception prior to 1976 was under the Savings and Loan Act of 1963, Art. 852a, Sec. 11.12(5)(b), in which the Legislature first limited judicial review to the record made before the administrator.

5. See Reavley, *Substantial Evidence and Insubstantial Review in Texas*, 23 Sw.L.J. 239 (1969) and Walker, *The Application of the Substantial Evidence Rule in Appeals from Orders of the Railroad Commission*, 32 Tex.L.Rev. 639 (1954).

1975, was, on that date, valid or invalid. The trial court based its decision of invalidity upon numerous errors, including several relating to rates. The Court of Civil Appeals also ruled that the amendment of the certificate relating to rates was a nullity. We agree. Indeed, Morgan does not seriously contend otherwise. As heretofore stated, there is no provision in the appeal procedure provided by Sec. 20 of Art. 911b for a remand to the Commission. An order appealed under that pre-existing law must stand or fall as it is brought to court. The order in this case falls, if for no other reason, because of the invalidity of its provision prescribing rates for Morgan's existing and newly authorized services. The new rate provisions are interwoven with the additional operating rights granted Morgan. It cannot be assumed that the Commission would have granted other certificate amendments apart from the changes relating to rates.

We agree with the reasons stated by the Court of Civil Appeals in holding the rate changes to be invalid, but we do not agree that they constitute procedural errors which would be subject to correction by the Commission if a remand were permissible. On the contrary, the portion of the order dealing with rates was without due process. The form and content of the application as well as the notice and hearing failed to comply with the Commission's Rule 13(E) relating to rates. There is no way for those errors to be corrected except by filing a new application and complying with the law in a new hearing under the APA standards, which are now in effect. In view of our holding as to the effect of the errors relating to rates and our previous holding that the permissive remand provisions of the APA are inapplicable to this case, it is unnecessary for us to pass upon other points raised by the parties here or in the Court of Civil Appeals.

Accordingly, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

CHADICK, J., dissents.

CHADICK, Justice, dissenting.

The majority disposes of this appeal under the Texas Motor Carriers Act, Tex.Rev. Civ.Stat.Ann. art. 911b, § 20, by affirming the trial court judgment. I understand the Railroad Commission proceedings may be immediately refiled. Disposition under the Texas Administrative Procedure Act, Tex. Rev.Civ.Stat.Ann. art. 6252–13a § 19(a), which I propose in this dissent, would remand the case to the Commission for full rehearing on the issues properly before it. Except for substantial expense and slight delay, so far as the parties are concerned it would make little difference which is done. But consigning to the ash can most of the labor and expense invested by all the parties to the proceeding seems unjustifiable as a practical matter and more so from a legal standpoint.

I feel the majority is out of step with sound precedent and that there is no valid reason to overturn long settled rules and waste the time of the courts and litigants as is being done here. The majority has generalized that it is impossible to apply APA standards of review to a record and a decision made under the different standards of pre-existing law. No conflicting standards are identified or complaint made of injury inflicted by reason of a conflict. The majority neglects to point out a single substantive right of respondents that is or has been impaired or denied by court review or remand to the Railroad Commission under the provisions of the APA. The petitioners would probably be as pleased as everyone else to know which of their substantive rights has been or will be nullified or impaired by remand to the Railroad Commission, and I think greatly surprised, as their briefs do not claim the loss or impairment of an identifiable substantive right. The majority has simply conjured up a scary apparition, completely without substance, and flee in terror before it. I am compelled to dissent.

Petitioner, Merchants Fast Motor Lines, Inc., and six other certificated motor carriers, brought suit as authorized by the Texas

Motor Carriers Act, Tex.Rev.Civ.Stat.Ann. art. 911b, § 20,[1] to nullify an order of the Respondent, Railroad Commission of Texas amending the permanent certificate of convenience and necessity which the Respondent, Morgan Express, Inc., is operating.

The trial court set aside the Commission's order on the ground that it was not supported by substantial evidence[2] and overruled the Commission's motion to remand the order to the Commission for further consideration pursuant to the remand provision of the Texas Administrative Procedure Act, Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 19(e).[3] The Court of Civil Appeals held that remand pursuant to Section 19(e) was proper and concluded that the Commission's

order granting Morgan a change in freight rates was defective for want of procedural predicate. Without considering other points of error the court reversed the judgment of the trial court and remanded the cause to that court with instructions that it remand the order, pursuant to Section 19(e), to the Commission to give that agency "an opportunity to correct any errors" in its order. 545 S.W.2d 198.

This appeal presents several problems. The primary questions are (1) whether the remand provision of Section 19(e) is applicable to this action; (2) whether the Court of Civil Appeals erred in failing to affirm the trial court judgment that the Commission's order was not supported by substantial evi-

1. Article 911b, Section 20.
   If any motor carrier or other party at interest be dissatisfied with any decision, rate, charge, rule, order, act, or regulation adopted by the Commission, such dissatisfied person, association, corporation, or party after failing to get relief from the Commission may file a petition setting forth the particular objection to such decision, rate, charge, rule, order, act or regulations, or to either or all of them in the District Court in Travis County, Texas, against said Commission as defendant. Said action shall have precedence over all other causes on the docket of a different nature and shall be tried and determined as other civil causes in said court. Either party to said action may appeal to the Appellate Court having jurisdiction of said cause and said appeal shall be at once returnable to said Appellate Court having jurisdiction of said cause and said action so appealed shall have precedence in said Appellate Court over all causes of a different character therein pending; provided, that if the court be in session at the time such right of action accrues the suit may be filed during such term and stand ready for trial after ten days' notice. In all trials under this section the burden of proof shall rest upon plaintiff, who must show by the preponderance of evidence that the decisions, rates, regulations, rules, orders, classifications, acts, or charges complained of are unreasonable and unjust to it or them. The Commission shall not be required to give any appeal bond in any cause arising hereunder and no injunction shall be granted against any order of the Commission without hearing unless it shall clearly appear that irreparable injury will be done the complaining party if the injunction is not granted.

2. The 84 conclusions of law filed by the trial judge are a classic example of judicial overkill. By finding fatal error in almost every act performed by the Commission the credibility of

the trial court judgment is put in question. It seems highly unlikely that the Commission might commit error in its every meaningful act in view of its long experience in the regulatory field. I am inclined to assume that the trial judge left it to the prevailing parties to write conclusions and that they prepared an instrument that would fix the opposition's "little red wagon."

3. Article 6252–13a, Section 19(e).
   The scope of judicial review of agency decisions is as provided by the law under which review is sought. Where the law authorizes appeal by trial de novo, the courts shall try the case in the manner applicable to other civil suits in this state and as though there had been no intervening agency action or decision. Where the law authorizes review under the substantial evidence rule, or where the law does not define the scope of judicial review, the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion but may affirm the decision of the agency in whole or in part and shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
   (1) in violation of constitutional or statutory provisions;
   (2) in excess of the statutory authority of the agency;
   (3) made upon unlawful procedure;
   (4) affected by other error of law;
   (5) not reasonably supported by substantial evidence in view of the reliable and probative evidence in the record as a whole; or
   (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

dence; and (3) whether remand for further Commission consideration or reversal and rendition is appropriate under the circumstances of this record. I would hold that Section 19(e) is applicable, that the Court of Civil Appeals did not err in failing to affirm the trial court judgment and that the judgment of the Court of Civil Appeals remanding the cause should be modified and affirmed.

## I.

### APPLICABILITY OF SECTION 19(e)

Before enactment of Section 19(e) of the Texas Administrative Procedure Act a suit to set aside a Railroad Commission's order was governed by Section 20 of the Motor Carriers Act. Under Section 20 a court could only affirm or reverse an agency order. *Railroad Commission v. Oilfield Haulers Association*, 442 S.W.2d 874 (Tex.Civ. App.1969). *See also Trapp v. Shell Oil Company, Inc.*, 145 Tex. 323, 198 S.W.2d 424 (1946). In contrast, Section 19(e) provides that a reviewing court may affirm, reverse or remand agency orders.

The Commission's order was entered June 11, 1975 and suit was instituted August 13, 1975. Introduction of evidence began in the trial court August 18, 1975, and was concluded within three days. The trial judge took the case under advisement. On January 1, 1976, Section 19(e) became effective and on January 12, the trial judge rendered judgment. Thus, all proceedings and acts preliminary to judgment occurred while Section 20 was solely applicable although judgment was actually rendered after Section 19(e) became effective.

The petitioners assert that the Commission's order exceeded Commission authority and was not supported by substantial evidence, and that they are entitled to rendition of judgment nullifying the order under Section 20 practice as it existed June 11, 1975, the date the order was rendered. Accordingly, they claimed to be harmed because remand to the Commission deprives them of a pre-existing right to rendition. Stated more concisely, the petitioners contend that the Section 19(e) authorized re-

mand by the Court of Civil Appeals gives retroactive effect to a statute that did not exist when the Commission acted and deprives them of a favorable judgment, which they claim as a vested right. As a general proposition retroactive statutes are prohibited by fundamental law. Tex.Const. art. 1, § 16. Nevertheless, the petitioners' claim runs counter to the posture of this action and the firmly settled principle that a litigant has no vested right in a particular mode of procedure.

It is evident that Section 19(e) remand authority is procedural, as it directs the course a court is empowered to follow in the enforcement of a litigant's rights. The procedural nature of the Section is also revealed by the declaration in a preceding Section (art. 6352–13a, § 19(a)) that the Texas Administrative Procedure Act is cumulative of other "means of redress." Although Texas courts have not directly ruled thereon, courts of other jurisdictions support the statement in 16 Am.Jur.2d, Const.Law, § 427 (1964) that ". . . it has become firmly established that there is no vested right in any particular mode of procedure or remedy." *Ex parte Collett*, 337 U.S. 55, 69 S.Ct. 944, 93 L.Ed. 1207 (1949); *Winter v. Barrett*, 352 Ill. 441, 186 N.E. 113, 89 A.L.R. 1398 (1933). *See also Miller v. Letzerich*, 121 Tex. 248, 49 S.W.2d 404 (1932); *Church v. Crites*, 370 S.W.2d 419 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.); *City of Fort Worth v. Morrow*, 284 S.W. 275 (Tex.Civ.App.—Fort Worth 1926, writ ref'd). Moreover, a procedural statute, as Section 19(e) clearly is, controls proceedings pending at the time the statute becomes effective. *Phil H. Pierce Company v. Watkins*, 114 Tex. 153, 263 S.W. 905 (1924). *See also Ex parte Collett, supra; Exxon Corporation v. Brecheen*, 526 S.W.2d 519 (Tex.1975); *Wilson v. Work*, 122 Tex. 545, 62 S.W.2d 490 (1933). Section 19(e) is not in fact a retroactive enactment as the record shows it effective before final judgment was rendered in the trial court and application of its remand provision is available as the remand authorized is procedural.

## II.

### COURT'S DUTY TO DETERMINE ISSUES

While the Court of Civil Appeals determined that remand pursuant to Section 19(e) was proper and the certificate amendment granting Morgan a change in freight rates was defective, it did not consider other issues pending before it relative to Commission action and substantial evidence. The full extent of a court's duty to consider and decide pending issues pertaining to agency error when reviewing an agency's order has not had the attention of our courts. The Texas Administrative Procedure Act is silent on the question.

In *First Savings & Loan Association of Del Rio v. Lewis*, 512 S.W.2d 62 (Tex.Civ. App.—Austin 1974, writ ref'd n. r. e.), the trial court found a Savings and Loan Commissioner's order defective in three particulars because recitations of fact therein were not supported by evidence in the record. The trial court remanded the case to the Commissioner for further proceedings "consistent with this opinion" expressly by-passing determination of "any questions with regard to substantial evidence." The Court of Civil Appeals affirmed saying the trial court ". . . may draw upon its general equity powers and adjust its relief to the exigencies of the case in accordance with equitable principles . . . ." The United States Supreme Court has said that when a court finds a ground sufficient to set aside an administrative order no principle or procedure governing the review of the administrative order requires a court to examine other grounds of attack. *Ford Motor Company v. N. L. R. B.*, 305 U.S. 364, 59 S.Ct. 301, 83 L.Ed. 221 (1938). And in this jurisdiction it is said that courts of civil appeals need not decide questions unnecessary to disposition of a cause. *Mooneyhan v. Benedict*, 284 S.W.2d 741 (Tex.Civ.App.—Austin 1955, writ ref'd n. r. e.).

However, in *Lewis v. Gonzales County Savings and Loan Association*, 474 S.W.2d 453 (Tex.1971), the Court of Civil Appeals did not consider a point of error pending before it that an agency's order was not supported by substantial evidence. The Supreme Court decided the evidence issue should be addressed and proceeded to a determination that there was substantial evidence to support the order. A concurring opinion expressed doubt about the propriety of considering substantial evidence points before an otherwise valid order was before the court. A problem similar to that in *Gonzales* was dealt with in *Bay City Savings and Loan Association v. Lewis*, 474 S.W.2d 459 (Tex.1971), with a similar disposition and concurring opinion.

All of these cases, including *First Savings and Loan Association of Del Rio v. Lewis, supra*, as later discussion will demonstrate, are basically consistent with and do not limit broad judicial policy that favors expeditious disposition and termination of litigation. This favored policy may at times require consideration of issues by courts reviewing agency orders which are not strictly necessary to disposition, but which will expedite termination of litigation.

*First Savings and Loan Association of Del Rio* is distinguishable from the case before the Court in that the reviewing district court found three errors underlying the Commission's order and remanded it for "further proceedings consistent with this opinion." In the present case one Commission error is pointed out by the reviewing court and remand is ordered to give the agency "an opportunity to correct any errors in its order." More specific court guidance in *First Savings and Loan Association of Del Rio* would have been salutary. However, delay in disposition would have been approximately equal whether remand was first to the trial court or first to the agency. A remand to the trial court at that point in the progress of the case would not have assured a more expeditious end to the litigation than would acceding to the trial court's disposition.

In the present appeal the Commission was given no guidance, except as to the deficiency in the rate amendment, and was told to search out and correct any errors underlying its order. To remand without

guidance suggests and sanctions a system of winnowing out error by successive remands until an errorless order is produced by the Commission. A "merry-go-round" correction procedure of this nature seriously violates the policy of expeditious disposition and termination of litigation. A rational observance of the imperatives of precedent and policy requires the reviewing court to consider all of the issues before it, and if remand is appropriate, to give the administrative agency as much legal guidance as sound judicial discretion and the exigencies of a case permit. In the present case the Court of Civil Appeals should have examined the several allegations of Commission error that were before it to determine proper disposition of the appeal and, if remand was indicated, should have given the Commission appropriate guidance.

Four of the six points of error in respondents' (appellants') brief in the Court of Civil Appeals questioned Commission action. One of these points, that the Commission did not have jurisdiction to prescribe or adjust rates under Morgan's application, was determined by the intermediate court and is no longer in the case. Another point raised the issue of whether substantial evidence supported the Commission's order. Although the Court of Civil Appeals did not dispose of the substantial evidence issue, it should be considered by this Court as writ of error was granted on a similar point. The remaining points pertaining to Commission error are concerned with matters that are correctable by the Commission if further Commission consideration is found appropriate. The questions raised by these points are not before this Court and additional comment will be omitted.

## III.

### SUBSTANTIAL EVIDENCE ISSUE

Morgan's permanent certificate authorized it to transport over designated routes on a fixed schedule *goods, wares, merchandise,*

newspapers, films* and *theater supplies* subject to weight and freight rate restrictions. Morgan's application to amend the certificate sought authority to transport *general commodities* moving in express service to, from and between points specified in the application; to eliminate the existing certificate weight and rate restrictions; to coordinate proposed service with existing service, and to interline with other express carriers at appropriate points; as well as, to replace the rate restriction with another that provided a formula for the calculation of rates. The Commission amended the certificate by eliminating existing weight and rate restrictions and added authority for Morgan to transport *general commodities,* not to exceed 350 pounds in weight, including *newspapers, newsreels, films,* and *theater supplies* along designated routes slightly different from Morgan's existing routes at rates to be calculated by a prescribed formula.

The voluminous record contains evidence showing the scope of transportation services offered and provided by petitioners along their routes of operation. Witnesses produced by petitioners testified to the public's general satisfaction with petitioners' existing service and facilities. For individual business reasons, witnesses relied upon existing service and said they would be adversely affected if petitioners' service was impaired by favorable Commission action on Morgan's application. Morgan's witnesses testified in general terms, and without reference to shipments of less than 350 pounds in weight,[4] to their need, and probable use of Morgan's proposed additional services and to the inadequacy of petitioners' service to meet their business needs.

Petitioners focus upon transit time performance, pick-up and delivery service and direct service to smaller authorized service points as elements of Morgan's cause before the Commission and assert that these areas of carrier service are not supported by substantial evidence. No evidence was produc-

4. The Commission's order restricted the *general commodity* authority granted Morgan to shipments not exceeding 350 pounds in weight.

Morgan's application did not propose such restriction.

ed showing Morgan's past or prospective dependable transit time performance while evidence and documents were offered to show petitioners' favorable performance in this regard. No complaint as to dependable pick-up and delivery service by petitioners (existing carriers) was tendered but evidence of dissatisfaction with the dependability and adequacy of Morgan's service and prospective service was produced. Some evidence was offered of failure or refusal of petitioners to perform direct service to, from and between, some of their smaller authorized service points. On the other hand evidence was produced that Morgan presently and prospectively failed and refused to provide direct service to one-third of its smaller service points. Morgan's delivery practice at smaller service points, according to the evidence, is to notify a consignee by mail of arrival of freight which may be picked up at Morgan's closest larger town agency.

Evidence is characterized as substantial when reasonable minds might accept it as adequate to support a conclusion. *Consolidated Edison v. N. L. R. B.*, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126 (1938). This Court has said that evidence is substantial when ". . . the evidence as a whole is such that reasonable minds could have reached the conclusion that the Railroad Commission must have reached in order to justify its action." *Auto Convoy Company v. Railroad Commission*, 507 S.W.2d 718, 722 (Tex. 1974). *See also Trapp v. Shell Oil Company, Inc.*, 145 Tex. 323, 198 S.W.2d 424 (Tex. 1946); *Shupee v. Railroad Commission of Texas*, 123 Tex. 521, 73 S.W.2d 505 (1934). The burden is upon an applicant, Morgan in this instance, to show by substantial evidence that existing transportation facilities are not reasonably adequate as well as satisfying other statutory prerequisites to a grant of highway carrier authority. Article 911b, §§ 8 and 9.

From the facts noted above there is substantial evidence that in isolation would support a Commission finding that existing

service is adequate. On the other hand there is evidence of a public need for and probable use of Morgan's proposed service as well as testimony of the inadequacy of existing carrier's service. The evidence favorable to Morgan's application is substantial in nature and tends to rebut a prima facie showing by the petitioners that existing service was adequate. That existing carrier service provides incidental conveniences, or advantages in limited areas of service that proposed carrier service does not contemplate, match or exceed will not deprive the Commission of discretion to determine the ultimate question of adequacy of existing service, need of or demand for additional service, and other statutory prerequisites to a grant of transportation authority. The weight of evidence is for Commission determination. *North East Texas Motor Lines, Inc., v. Texas and Pacific Motor Transport Company et al.*, 159 S.W.2d 926 (Tex.Civ.App.—Austin 1941, no writ). The Commission as arbiter decided in Morgan's favor. This Court has no power to substitute its own judgment for that of the Commission. *Auto Convoy Company v. Railroad Commission, supra; Gulf Land Company v. Atlantic Refining Company*, 134 Tex. 59, 131 S.W.2d 73 (1939). I would conclude that substantial evidence supports the Commission's order. The Court of Civil Appeals did not err in refusing to affirm the trial court judgment that this order was not supported by substantial evidence.

## IV.

### DISPOSITION OF APPEAL

Discretion to issue motor carrier certificates of convenience and necessity and to authorize transportation of freight for compensation over Texas highways is vested in the Railroad Commission. Texas Motor Carriers Act, Tex.Rev.Civ.Stat.Ann. art. 911b. In this instance the amendment to Morgan's certificate altering rates was adjudged a nullity by both the trial and intermediate appellate courts.[5] No party now

---

5. Morgan's application did not comply with Commission regulations prescribing rules governing rate applications and procedure thereun-

der. Error in this respect cannot be corrected in this proceeding.

questions these adjudications. Morgan's application was unitary in nature and a change in rates appears to have been an integral part of the application and the Commission's order. It cannot be assumed that the Commission would have granted the several certificate amendments mentioned apart from the change in the rate structure. Accordingly, Morgan's application should be reconsidered and determined in the light of the fact that the rate structure cannot be adjusted in this proceeding. The Commission should be completely free to exercise the discretion vested in it in making a determination of issues properly presented by Morgan's application. To that end the judgment of the Court of Civil Appeals should be modified by vacating the Commission's order of June 11, 1975, and the cause should be remanded to the trial court, as ordered by the Court of Civil Appeals, for remand by that court to the Commission with instructions to redetermine the issues presented by Morgan's application and any proper amendments thereto. Modified as indicated, I would affirm the judgment of the Court of Civil Appeals.